UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

WANDA O. HEWITT,

                Plaintiff,

                - against -

NEW YORK CITY DEPARTMENT OF HEALTH
AND MENTAL HYGIENE,

                Defendant.
----------------------------------------------------X

**MEMORANDUM & ORDER**
09-CV-05705 (RRM)(RLM)

**MAUSKOPF, United States District Judge.**

*Pro se* Plaintiff Wanda O. Hewitt ("Plaintiff") brings this action against her employer, the New York City Department of Health and Mental Hygiene ("Defendant"), alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and New York State Human Rights Law, N.Y. Exec. Law §§ 296 *et seq.* ("NYSHRL"). For the reasons stated below, Defendant's motion to dismiss is GRANTED in part, and Plaintiff is directed to file an amended complaint as to the remainder of her claims within 30 days as set forth below.

## BACKGROUND[1]

*Pro se* Plaintiff is employed by Defendant as a Public Health Advisor. (*See* Def.'s Aff. in Support of Mot. to Dismiss ("Def. Aff."), Exs. A, H.) Though she previously held a supervisory

---

[1] The facts are drawn from the Complaint and the documents annexed thereto. *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Plaintiff's allegations are based in part on the termination of her employment. (*See, e.g.*, Compl. ¶¶ 4, 8.) Therefore, although Plaintiff has not attached it to the Complaint, the Court has also considered the documents annexed to Defendant's Affidavit, such as the letter notifying Plaintiff of her termination for the purpose of determining the timeliness of her claims. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint."); *see also McKevitt v. Mueller*, 689 F. Supp. 2d 661, 665 (S.D.N.Y. 2010) (citing *Chambers* and collecting cases).

1

position, she was terminated in 2007, then reinstated without back pay to a non-supervisory position. The circumstances surrounding these events are the subject of the instant lawsuit and are summarized below.

On June 1, 2007, Defendant charged Plaintiff with violations of Defendant's standards of conduct for falsifying timecards. (*See* Def. Aff., Ex. E.) A "Step II" hearing related to these charges was held on August 20, 2007 at the office of the Employment Law Unit. (*Id.*, Ex. F.) Pursuant to the hearing officer's findings, Plaintiff was terminated effective August 22, 2007. (*Id.*)

Plaintiff appealed her termination to the Office of Collective Bargaining ("OCB"). Union counsel represented Plaintiff at an arbitration hearing, which took place on March 3, 2008. (*Id.*, Ex. G at 1.) Plaintiff, through counsel, argued that she had not violated any rules, and that even had she done so, termination was an inappropriately harsh punishment. (*Id.* at 2-3.) The arbitrator's Opinion and Award, issued on June 1, 2008, disagreed with Plaintiff's argument regarding the substance of her wrongdoing and found that the undisputed evidence showed that she had, indeed, violated employee rules by falsifying timecards. (*Id.* at 6-7.) However, the arbitrator agreed with Plaintiff's contention that termination was an excessive punishment. (*Id.* at 7.) Thus, the arbitrator sustained the charges against Plaintiff, but modified the penalty. Instead of termination, Plaintiff was demoted and reinstated without back pay on June 30, 2008. (*Id.* at 8, Ex. H.)

On October 3, 2008, Plaintiff dually filed a Verified Complaint with the New York State Division on Human Rights ("NYSDHR") and the federal Equal Employment Opportunity Commission ("EEOC") against Defendant for unlawful discrimination, giving as the dates of discrimination both the date upon which she was terminated and the date upon which she was

reinstated to a non-supervisory position without back pay. (Def. Aff., Ex. B.) Specifically, she alleged that she suffered discrimination based on national origin, for "not being of West Indian descent." (*Id.*) Both cases were dismissed for untimeliness: the NYSDHR issued a Determination and Order of Dismissal for Untimeliness on April 22, 2009, and the EEOC mailed Plaintiff a Dismissal and Notice of Rights letter on September 30, 2009, informing Plaintiff that her case was closed due to untimeliness. (*See id.*, Exs. C, D.)

Plaintiff filed this suit on December 29, 2009. (Compl. ¶ 8.) In her Complaint, Plaintiff asserts federal claims under Title VII for discrimination and retaliation. (Compl. ¶¶ 4, 8.) Notably, the Title VII retaliation claim is wholly devoid of explanation, and Plaintiff raises it for the first time before this Court. Though Plaintiff attempts to allege a discrimination claim sounding in state law as well, this claim is absent from the original Complaint, appearing instead in an undated letter addressed to the Court [Dkt. No. 6]. Defendant has moved to dismiss the Complaint on the grounds that: (1) Plaintiff's federal discrimination claim is time-barred by her failure to timely file an administrative charge; (2) Plaintiff's federal retaliation claim is defective for failure to exhaust available administrative remedies; (3) Plaintiff's Complaint fails to state any claim upon which relief may be granted, as it offers no specific charges as to the nature or manner of the alleged discrimination; (4) Paintiff's claims seeking to challenge the arbitration opinion and award cannot be reviewed by this Court; and (5) this Court should decline to exercise supplemental jurisdiction over the remaining state law claims. (*See* Def. Mot. to Dismiss 1-2.)

# STANDARD OF REVIEW

## A. 12(b)(1) STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). In considering a motion to dismiss for lack of subject matter jurisdiction, a District Court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). This Court, however, "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* (citations omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys. Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

## B. 12(b)(6) STANDARD

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to examine the legal, rather than factual, sufficiency of a complaint. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." For a plaintiff's claim to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court considering a 12(b)(6) motion must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d

66, 71 (2d Cir. 2009) (citation omitted). A complaint need not contain "'detailed factual allegations,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The determination whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).

In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the Supreme Court rejected the concept that there is a heightened pleading standard in discrimination cases, holding that the survival of a complaint in an employment discrimination case does not rest on whether it contains specific facts establishing a *prima facie* case under the standard set forth in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *See Swierkiewicz*, 534 U.S. at 510 ("The *prima facie* case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement."); *see also Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 71-72 (2d Cir. 2006) (applying *Swierkiewicz* to retaliation claims); *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006) (applying *Swierkiewicz* to discrimination claims under Title VII).

Moreover, in the wake of *Twombly* and *Iqbal*, the Second Circuit has reiterated that *Swierkiewicz* continues to be the proper framework for analyzing whether a plausible claim for discrimination has been stated. *See, e.g., Arista Records LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010) ( "[A]lthough *Twombly* and *Iqbal* require factual amplification [where] needed to render a claim plausible, we reject [appellant's] contention that *Twombly* and *Iqbal* require the pleading of specific evidence or extra facts beyond what is needed to make the claim plausible." (internal quotations and citations omitted)); *Boykin v. Key Corp.*, 521 F.3d 202, 213 (2d Cir. 2008) (noting that the *Twombly* Court "affirmed the vitality of *Swierkiewicz*"); *Gillman v. Inner City Broad. Corp.*, No. 08 Civ. 8909(LAP), 2009 WL 3003244, at *3 (S.D.N.Y. Sept. 18, 2009) ("*Iqbal* was not meant to displace *Swierkiewicz*'s teachings about pleading standards for employment discrimination claims because in *Twombly*, which heavily informed *Iqbal*, the Supreme Court explicitly affirmed the vitality of *Swierkiewicz*."); *accord E.E.O.C. v. Propak Logistics, Inc.*, No. 1:09cv311, 2010 WL 3081339, at *5 (W.D.N.C. Aug. 6, 2010) ("[E]ven after *Twombly*, an employment discrimination plaintiff is not required to plead specific facts but may rely on notice pleading requirements." (citing *Boykin*, 521 F.3d at 212-15)).

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). The Court must accept the factual allegations contained in the complaint as true, and view the pleadings in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

While *pro se* plaintiffs must satisfy these pleading requirements, federal courts are "obligated to construe a *pro se* complaint liberally." *See Harris*, 572 F.3d at 71–72 (citations omitted). In other words, trial courts hold *pro se* complaints to a less exacting standard than they apply to complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin*, 521 F.3d at 213–14 (citation omitted). Since *pro se* litigants "are entitled to a liberal construction of their pleadings, [their complaints] should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citation and internal quotation marks omitted). When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, however, the court should not hesitate to dismiss his complaint. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

### C. 28 U.S.C. § 1915(e)(2)(B) STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), this Court is required to dismiss a complaint, filed *in forma pauperis*, if it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory"-that is, when it "lacks an arguable basis in law," or when "a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). As under the 12(b)(6) standard, Plaintiff's *pro se* status obligates this Court to read her papers liberally and to interpret them as raising the strongest arguments they suggest. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citation omitted); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," this Court must grant leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

### A. EMPLOYMENT DISCRIMINATION CLAIMS

#### 1. Unexhausted Retaliation Claim

Under Title VII, an employer may not "discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this title, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this title." 42 U.S.C. § 2000e-3(a).

However, exhaustion of administrative remedies through the EEOC is "an essential element" of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in federal court. *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000). For a Title VII claim to be timely in "in 'dual filing' states such as New York, a plaintiff must file the charge with the EEOC within 300 days of the allegedly unlawful employment practice." *Henry v. Wyeth Pharm., Inc.*, No. 05 Civ. 8106 (CM), 2007 WL 2230096, at *28 (S.D.N.Y. Jul. 30, 2007); 42 U.S.C. 2000e-5(e)(1); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). Federal courts must dismiss federal claims which were not preceded by the filing of a timely EEOC charge. *See Morgan*, 536 U.S. at 109 ("A claim is time barred if it is not filed within these time limits."); *Butts v. New York Dep't of Hous. Preservation & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993) *superseded by statute on other grounds as recognized in Hawkins v. 1115 Legal Servs. Care*, 163 F.3d 684 (2d Cir. 1998).

As stated above, Plaintiff failed to file a charge alleging retaliation. Thus, her retaliation claim is DISMISSED for failure to exhaust administrative remedies.

#### 2. Violation of Title VII Based on August 22, 2007 Termination

Plaintiff alleges in her Complaint that the termination on August 22, 2007, constituted unlawful discrimination in violation of Title VII. Pursuant to Title VII, "before bringing a claim in federal court, a New York plaintiff must file a charge with the EEOC within 300 days of the alleged discriminatory act." *Sims v. City of New York*, 2010 WL 3825720, at *6 (S.D.N.Y. Sept. 30, 2010); *see* 42 U.S.C. 2000e-5(e)(1); *see also DeBrasi v. Plaza Hotel*, 159 F. App'x 321, 322 (2d Cir. 2005). Any claim that is not filed in a timely fashion is procedurally barred. *See Sims*, 2010 WL 3825720, at *6.

The 300-day limitation period begins to run when the plaintiff knows, or should know, of the alleged discriminatory act. *Morse v. Univ. of Vt.*, 973 F.2d 122, 125 (2d Cir. 1992). Each discriminatory act "starts a new clock for filing charges alleging that act." *Morgan*, 536 U.S. at 113. Discrete discriminatory acts such as "termination, failure to promote, denial or transfer, or refusal to hire" "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* at 113-14. Allegations of a vague "continuing violation" are insufficient to defeat the statute of limitations. *Id.*

Plaintiff was terminated on August 22, 2007. (Def. Aff., Ex. F.) Any claims alleging discrimination occurring prior to December 8, 2007 are therefore untimely. Thus, Plaintiff's Title VII claim based on the August 22, 2007 termination was untimely filed with the EEOC. (*Id.*, Ex. B.) Indeed, the EEOC itself noted that Plaintiff's claims were filed after the 300-day statute of limitations and were therefore untimely. Thus, Plaintiff's Title VII discrimination claims based on alleged discrimination occurring prior to December 8, 2007 are time-barred and must be dismissed. *See Sims*, 2010 WL 3825720, at *6.

### 3. Violation of Title VII Based on Reinstatement to Non-Supervisory Position Without Back Pay on March 3, 2008

Plaintiff also appears to allege that the OCB arbitrator's decision on March 3, 2008, constituted unlawful discrimination in violation of Title VII. This claim does not suffer from the same obvious procedural deficiency as her termination claim. However, despite the possibility that this claim was timely filed, it fails to develop facts sufficient to constitute a claim upon which relief could be granted by this Court.

Plaintiff submitted her Complaint on the form provided to litigants seeking to commence an employment discrimination action in federal court based on Title VII. In that form, she alleged unlawful discrimination (and retaliation, as discussed *supra*) by the Defendants. However, Plaintiff has failed to provide a short, plain statement pursuant to Federal Rule of Civil Procedure 8(a) showing that she is entitled to relief. *See, e.g.*, *Swierkiewicz*, 534 U.S. at 506 ((holding that employment discrimination claims require only notice pleading). Even after reviewing Plaintiff's statement of claim, this Court finds it difficult to understand the nature or the basis of the alleged discrimination. Though her claim does generally allege discrimination based on national origin – due to the fact that she was "not of West Indian descent" – Plaintiff fails to explain how this fact coincided with her reinstatement to a lower position without back pay, or how this fact affected the findings of an apparently neutral arbitrator. Though Plaintiff's statement describes a workplace dispute with her supervisor, it does not identify any discriminatory conduct.

Conflict such as that described by Plaintiff generally does not rise to the level of a federal statutory violation. Title VII is not "a general civility code," and does "not prohibit all verbal or physical harassment in the workplace;" it merely proscribes conduct motivated by specified improper considerations. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998); *see also Kodengada v. IBM Corp.*, 88 F. Supp. 2d 236, 243 (S.D.N.Y. 2000). Further, Defendant

was reinstated following the decision of a neutral arbiter who nonetheless fully substantiated the misconduct that led to Plaintiff's termination. Plaintiff has not alleged any facts whatsoever that the arbitration proceeding was tainted by the sort of bias to suggest that this Court should not give the arbitrator's decision the great deference that it is ordinarily due. *See, e.g., Collins v. New York City Transit Auth.*, 305 F.3d 113, 115 (2d Cir. 2002).

### 4. Violation of State Law Based on Reinstatement to Non-Supervisory Position Without Back Pay on March 3, 2008

Plaintiff additionally attempts to allege a discrimination claim sounding in state law. However, this claim is absent from the original Complaint, appearing instead only in a subsequent, undated letter addressed to the Court [Dkt. No. 6]. Plaintiff did not seek leave to amend her Complaint, and thus her state law claim is not properly presented before this Court. In any event, in light of the dismissal of Plaintiff's federal claim, this Court declines to exercise supplemental jurisdiction at this time over any state law claim. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.")..

## B. LEAVE TO AMEND

In light of Plaintiff's *pro se* status, this Court will grant her an opportunity to replead her employment discrimination Complaint to correct the deficiencies noted above. The amended complaint must include a short, plain statement of facts sufficient to support plausible claims that Defendant discriminated against her on March 3, 2008 in violation of Title VII and NYSHRL § 296.

## CONCLUSION

For the foregoing reasons, Plaintiff's retaliation claim and Title VII discrimination claim based on termination are therefore DISMISSED with prejudice. Plaintiff's Title VII and New

York state law claims as to discrimination based on her reinstatement to a nonsupervisory position without back pay are DISMISSED without prejudice, with leave to file an Amended Complaint within thirty days as set forth above. It must be titled "AMENDED COMPLAINT" and bear the docket number 09-CV-05705 (RRM)(RLM). If Plaintiff fails to file an Amended Complaint within this time period, the Complaint may be dismissed with prejudice and judgment may enter.

SO ORDERED.

Dated: Brooklyn, New York
December 6, 2010

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge