UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WANDA O. HEWITT,

        Plaintiff,

  - against -

NEW YORK CITY DEPARTMENT OF
HEALTH AND MENTAL HYGIENE,

        Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
09-CV-5705 (RRM)(RLM)

ROSLYNN R. MAUSKOPF, United States District Judge.

## BACKGROUND

Plaintiff *pro se* Wanda O. Hewitt ("plaintiff") originally filed this action on December 29, 2009, against her employer, the New York City Department of Health and Mental Hygiene ("defendant"). Her original complaint (Doc. No. 1) alleged discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and New York State Human Rights Law, N.Y. Exec. Law §§ 296 *et seq.* ("NYSHRL") related to her termination from her position as a Public Health Advisor, and her subsequent reinstatement without back pay to a non-supervisory position following the decision by an arbitrator at the Office of Collective Bargaining ("OCB") upon appeal of the termination decision. The facts alleged in the original complaint, broadly construed, are set forth in this Court's Memorandum and Order dated December 7, 2010 (Doc. No. 15) ("December 7 Order), familiarity with which is presumed.

In its December 7 Order, the Court dismissed plaintiff's complaint on defendant's motion. Plaintiff's Title VII claims based on her termination were dismissed with prejudice as unexhausted (retaliation) and time-barred (discrimination). *Id.* Plaintiff's original claims based

on her reinstatement to a non-supervisory position without back were dismissed without prejudice. First, the Court held that her state law claims were absent from her original complaint, instead raised only in a subsequent, undated letter to the Court; as they could not be found in her complaint, they were dismissed, and in any event, the Court declined to exercise supplemental jurisdiction over them. With regard to her Title VII reinstatement claims, the Court noted that plaintiff "appear[ed] to allege that the arbitrator's decision on March 3, 2008 constituted unlawful discrimination in violation of Title VII," and would not suffer from the same procedural defects as her termination claims. However, the Court further held that while plaintiff generally alleged that she was "not of West Indian descent," she "fail[ed] to explain how this fact coincided with her reinstatement to a lower position without back pay, or how this fact affected the findings of an apparently neutral arbitrator." The Court added that while "plaintiff's statement describes a workplace dispute with her supervisor, it does not identify any discriminatory conduct." Moreover, the Court noted, "plaintiff has not alleged any facts whatsoever that the arbitration proceeding was tainted by the sort of bias to suggest that this Court should not give the arbitrator's decision the great deference that it is ordinarily due."

The December 7 Order accorded plaintiff leave to file an Amended Complaint to cure these deficiencies with respect to her reinstatement claims, directing her to include "a short, plain statement of facts sufficient to support plausible claims that Defendant discriminated against her on March 3, 2008 in violation of Title VII and the NYSHRL § 296." On January 6, 2011, plaintiff timely filed an amended complaint, its contents described more fully below. (Doc. No. 16.) Presently before the Court is defendant's motion to dismiss plaintiff's amended complaint. (Doc. No. 22.) For the reasons stated below, defendant's motion to dismiss is GRANTED.

2

**STANDARD OF REVIEW**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to examine the legal, rather than factual, sufficiency of a complaint. Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." For a plaintiff's claim to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court considering a Rule 12(b)(6) motion must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). A complaint need not contain "'detailed factual allegations,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The determination whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007)).

3

In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the Supreme Court rejected the concept that there is a heightened pleading standard in discrimination cases, holding that the survival of a complaint in an employment discrimination case does not rest on whether it contains specific facts establishing a *prima facie* case under the standard set forth in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *See Swierkiewicz*, 534 U.S. at 510 ("The *prima facie* case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement."); *see also Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 71–72 (2d Cir. 2006) (applying *Swierkiewicz* to retaliation claims); *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006) (applying *Swierkiewicz* to discrimination claims under Title VII).

The Second Circuit has reiterated that *Swierkiewicz* continues to be the proper framework for analyzing whether a plausible claim for discrimination has been stated. *See, e.g.*, *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120–21 (2d Cir. 2010) ( "[A]lthough *Twombly* and *Iqbal* require factual amplification [where] needed to render a claim plausible, we reject [appellant's] contention that *Twombly* and *Iqbal* require the pleading of specific evidence or extra facts beyond what is needed to make the claim plausible." (internal quotations and citations omitted)); *Boykin v. Key Corp.*, 521 F.3d 202, 213 (2d Cir. 2008) (noting that the *Twombly* Court "affirmed the vitality of *Swierkiewicz*"); *Gillman v. Inner City Broad. Corp.*, 2009 WL 3003244, at *3 (S.D.N.Y. Sept. 18, 2009) ("*Iqbal* was not meant to displace *Swierkiewicz*'s teachings about pleading standards for employment discrimination claims because in *Twombly*, which heavily informed *Iqbal*, the Supreme Court explicitly affirmed the vitality of *Swierkiewicz*."); *accord E.E.O.C. v. Propak Logistics, Inc.*, 2010 WL 3081339, at *5 (W.D.N.C. Aug. 6, 2010) ("[E]ven after *Twombly*, an employment discrimination plaintiff is not required to plead specific facts but may rely on notice pleading requirements." (citing *Boykin*, 521 F.3d at 212–15)). In this circuit,

the *Swierkiewicz* framework is also applied to pleadings under the NYSHRL. *See Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007).

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). The Court must accept the factual allegations contained in the complaint as true, and view the pleadings in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

While *pro se* plaintiffs must satisfy these pleading requirements, federal courts are "obligated to construe a *pro se* complaint liberally." *See Harris*, 572 F.3d at 71–72 (citations omitted). In other words, trial courts hold *pro se* complaints to a less exacting standard than they apply to complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin*, 521 F.3d at 213–14 (citation omitted). Since *pro se* litigants "are entitled to a liberal construction of their pleadings, [their complaints] should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citation and internal quotation marks omitted). When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, however, the court should not hesitate to dismiss her complaint. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

## DISCUSSION

Plaintiff's complaint contains only one paragraph regarding the arbitration. (*See* Amended Compl. (Doc. No. 16) at 6.) Plaintiff asserts that defendant began an investigation that led to her termination based on a November 3, 2006 letter from one of her co-workers, "Ms.

5

[E]ileen Hewitt." (*Id.*) Plaintiff goes on to allege that her supervisors, Erlinda Jemmot and Elisabeth Bogen, testified at the arbitration that the only justification for their "actions" was Ms. Hewitt's letter. (*Id.*) Plaintiff also claims that two "illegal letters" that she submitted "as proof of her fraudulent actions" were never made part of the record at the arbitration, and that the letters were "destroyed by parties unknown." (*Id.*) Additionally, plaintiff claims that her attorney, "James Brown,"[1] falsely claimed that he had no knowledge of the letters, despite the fact that he purportedly asked plaintiff for them. (*Id.*)

Plaintiff also attaches to the amended complaint over 90 pages of letters, emails, time cards and other documents relating to various aspects of her employment. However, plaintiff offers no explanation regarding the relevance or significance of any document she has attached. The documents are from different dates spanning approximately three years. And none appear to relate to the May 2008 arbitration.

However, for the first time in this litigation, plaintiff does attach what appear to be two e-mails dated September 24 and 25, 2009. (Doc. No. 16-3, at 12, 13.) They ostensibly reflect an exchange between plaintiff and Elizabeth Bogen regarding an incident, the date of which is not reflected, in which plaintiff claims that Ms. Bogen directed plaintiff not to wear her "African head attire" as well as a t-shirt "which quotes one of [her] African American ancestor's the late great Dr. Martin Luther King Jr.: 'Injustice anywhere is [i]njustice everywhere.'" *Id*. In her e-mail response, Ms. Bogen disputes plaintiff's characterization, stating that she permitted plaintiff to wear her head scarf, but that she did not read the words on plaintiff's shirt but directed her that she could not wear t-shirts because they are "inappropriate work attire." *Id*.

For the reasons below, plaintiff's amended complaint fails to state a viable claim.

---

[1] In her original complaint, plaintiff indicated she appeared at the OCB arbitration with her union representative. Her amended complaint does not make clear if Mr. Brown is, in fact, an attorney or her union representative.

6

A Title VII plaintiff "is required to set forth factual circumstances from which a discriminatory motivation can be inferred." *Patane v. Clark* 508 F.3d 106, 112. With regard to the NYSHRL, "New York courts examine claims under [§ 296] with the same analytical lens as corresponding Title VII-based claims. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 n.1 (2d Cir. 2000) (citing *Leopold v. Baccarat, Inc.*, 174 F.3d 261, 264 n.1 (2d Cir. 1999) (state law); *Landwehr v. Grey Adver. Inc.*, 211 A.D.2d 583, 583 (1st Dep't 1995) (city law)). Here, plaintiff has failed to allege any facts upon which the Court could conclude that any of the conduct that occurred in the OCB arbitration formed the basis of unlawful discrimination under either statute. While she appears to allege certain irregularities in that proceeding, none are related to the prohibited animus protected by these federal and state civil rights laws. Plaintiff has pled nothing to suggest that any such improper considerations played a role in the OCB arbitration, or that the arbitrator's neutrality was in any way compromised. *See Collins v. New York City Transit Authority*, 305 F.3d 113, 119 (2d Cir. 2002.)

To the extent that the September 2009 e-mail exchange regarding plaintiff's work attire raises an allegation of racial animus on the part of Ms. Bogen, plaintiff has not connected those statements to her termination, reinstatement, or the May 2008 arbitrator's decision. First, the e-mails do not specify the date of the alleged incident. Assuming the e-mails were written at or near the time of the events that they reflect, the alleged statements occurred in September 2009, long after her August 22, 2007 termination and 2008 reinstatement following the arbitrator's decision. In all of her complaints filed in this action, plaintiff has predicated her Title VII and state law claims solely on these two adverse employment actions. Plaintiff has not established any connection between these actions and Ms. Bogen's alleged subsequent comments sufficient to raise an inference of discrimination.

Moreover, plaintiff has failed to exhaust her administrative remedies with regard to any actionable claim related to this incident or the statements reflected in the e-mails. Plaintiff dually filed complaints with both the New York State Division on Human Rights ("DHCR") and the federal Equal Employment Opportunity Commission ("EEOC") on October 3, 2008. As with her complaints in this Court, plaintiff listed as the dates of the unlawful discrimination both the date upon which she was terminated and that on which she was reinstated to a non-supervisory position without back pay, and claimed that she suffered discrimination on the basis of national origin for "not being of West Indian descent." Both cases were dismissed for untimeliness: the DHCR complaint on April 22, 2009, and the EEOC complaint on September 30, 2009. Assuming they occurred in September 2009, the incidents described in the e-mail were made after the DHCR proceeding was dismissed, and virtually on the eve of the EEOC closing their file. Thus, any allegation relating to the incident itself could not have formed the basis of those proceedings. *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) ("As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC.")

To the extent that a court may hear claims not in the original administrative proceedings as "reasonably related" to claims raised therein, *see Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001), plaintiff fails to state an actionable claim. First, in deciding whether claims are reasonably expected to grow out of the original charge, the focus is on the factual allegations made in the original charge, that is, whether the administrative complaint gave the agency "adequate notice to investigate discrimination on both bases." *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006). The administrative bodies investigating plaintiff's allegations of discrimination could not have investigated an incident that

8

had yet to occur. Most importantly, the incident itself does not give rise to an adverse employment action as it does not constitute a "materially adverse change in the terms and conditions of employment. *See Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004) (internal quotations omitted).

## LEAVE TO REPLEAD

"Although a district court generally should not dismiss a pro se complaint without granting the plaintiff leave to amend, dismissal is appropriate if leave to amend would be futile." *Zavalidroga v. Cote*, 395 Fed. Appx. 737, 741 (2d Cir. 2010) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). For the reasons above, the Court finds that any effort to replead would be futile.

**CONCLUSION**

In sum, plaintiff has failed to raise any basis to support a claim of discrimination. As such, defendant's motion to dismiss is GRANTED with regard to plaintiff's remaining Title VII and NYSHRL claims, and the Amended Complaint is dismissed. The Clerk of Court is directed to enter judgment accordingly, and to close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       March 29, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge